**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

**v.**

**ELMAS TRADING CORPORATION, Republic Overseas Bank, Ltd., James L. Attarian and Donald D. Smith, Defendants.**

**No. CV–R–85–263–ECR.**

United States District Court, D. Nevada.

Jan. 8, 1986.

Kerry C. Feffer and Robert D. LaFramenta, S.E.C., Los Angeles, Cal., for plaintiff.

Thomas Nolan, Maryann Marzano, James Ridley Ferrand and Thomas L. Taylor, III, Beverly Hills, Cal., for Republic Overseas Bank, Ltd.

Robert J. Fry, Reno, Nev., for Elmas Trading Corp.

John Vandevelde and Stephen B. Sadowsky, Los Angeles, Cal., for Attarian & Smith.

## ORDER

EDWARD C. REED, Jr., District Judge.

### DEPOSITOR'S ADVISORY COMMITTEE

This Court, at a previous hearing, rejected the motion of Ronald Yett to select a "watchdog committee" with Mr. Yett as chairperson. We did, however, reserve ruling on whether or not some other form of advisory committee, comprised of depositors, would be formed. This Court has taken into consideration the arguments raised at the oral hearings and the papers filed, both in support and in opposition to the appointment of such a committee. We have concluded that a Depositors' Advisory Committee is desirable in this case and are, thus, providing the framework for such a committee.

### SELECTION AND QUALIFICATIONS OF COMMITTEE MEMBERS

The Receiver proposed that the members of an advisory committee be chosen in a similar manner to that used in reorganizations under bankruptcy. *See* 11 U.S.C. § 1102. Under Chapter 11 reorganization, committee members appointed are those creditors with the seven largest claims who are willing to serve. 11 U.S.C. § 1102(b)(1). This Court also considered liquidation proceedings in bankruptcy. Under those proceedings, committee members are elected at the creditor's meeting. See 11 U.S.C. § 705.

Although this case is not a bankruptcy proceeding, this Court is mindful of the similarities that this receivership has to a bankruptcy proceeding. *See* Local Rule 21(i). Accordingly, we have used as guidance the bankruptcy statutes. We find, however, that neither means of selecting committee members provided for in bankruptcy is wholly appropriate in this case. An election would be unmanageable and of great expense. There are approximately 4,700 investors and an election would, therefore, burden the receivership *res*. We are also cognizant of the impracticality of the investors having knowledge of each other or of the individual qualifications of

particular depositors to vote on an informed basis to protect their interests. This Court also finds that an arbitrary selection of the largest depositors is unreasonable. There is no reason to distinguish among the depositors on the basis of the size of their investments.

■ We have, therefore, determined that a random selection is the most equitable and practical method to appoint committee members. The Receiver will be charged with randomly choosing a pool of potential committee members by mailing to every two hundredth depositor on his list of depositors a letter and a copy of this order. The letter will outline the authority the committee will possess and will request a response from the recipient of the letter as to whether the person would be willing and desirous of serving on the Depositor's Advisory Committee. For this purpose, the Receiver shall omit from his list of depositors all financial consultants. We find that financial consultants should not serve on any advisory committee because of the conflict of interest financial consultants have with the receivership. Financial consultants, by virtue of the case which the Receiver has brought against them, possess interests adverse to the receivership assets. To the extent that financial consultants are merely innocent investors, their interest will be adequately represented by those investors selected to serve on the committee.

The Depositors Advisory Committee shall consist of seven persons. In communicating with each said two hundredth depositor on the list of depositors, the Receiver shall set a deadline for their responses of not more than 10 days from the time of receipt of the Receiver's communication, which shall indicate whether or not they desire to serve on the committee, as mentioned above. As soon as the Receiver has compiled a list of names and addresses of those who wish to serve, he shall file such list with the Clerk of the Court. Within ten days thereafter the Clerk of the Court shall draw by lot seven names from the list submitted and the seven persons whose names are drawn shall comprise the committee. The Clerk shall advise counsel and those selected to serve of the persons so chosen to comprise the committee.

AUTHORITY OF COMMITTEE

■ In determining the parameters of the committee's authority, we again turned to the bankruptcy proceedings. This Court finds that the more limited role of the committee in Chapter 7 liquidation proceedings is more appropriate because liquidation is more similar to the receivership in this case than is a Chapter 11 reorganization proceeding. The ultimate goal is a liquidation of the receivership *res* and, therefore, the committee will have a more limited role as in Chapter 7. Compare 11 U.S.C. § 705(b) with 11 U.S.C. § 1103(c).

The Depositors' Advisory Committee shall have the following authority and responsibilities. The committee may:

(1) state the position of the committee to the Court as to any issue which is brought before the Court;

(2) communicate to investors only after the Court approves any such proposed communication;

(3) consult with the Receiver as to the plans of liquidation which may be proposed and make recommendations to the Receiver as a committee with respect to the same;

(4) communicate with depositors after approval by this Court and in conjunction and coordination with communications being sent by the Receiver to depositors.

The committee shall elect a chairperson and all communications with the Court, the Receiver, and the depositors shall be by or through the chairperson. This Court is requiring approval of all communications because of the danger of misinformation.

EXPENSES OF COMMITTEE

■ This Court refuses to burden the receivership or diminish the receivership assets with unnecessary expenses. Thus, the committee may not hire an attorney, accountant, or other experts. However, the Receiver and his attorneys and accountants shall, on a reasonable basis, make themselves available to meet with and provide information requested by the committee at the time of its meetings as set forth hereinbelow. Information which may be

provided on such a basis is limited to those functions which the committee is entitled to exercise as set forth in this order. The committee meetings shall be set on reasonable notice to the members and to the Receiver and his attorneys and accounts and shall make reasonable accommodations for the schedules of all concerned so that all will be able to attend. In the event that any dispute arises as to the operation of the committee or its relationship to the Receiver and his attorneys and accountants, instructions may be sought from the Court.

The actual expenses of the committee may be paid by the Receiver only upon prior approval by the Court. The expenses of the committee members shall be paid out of the receivership estate and are expressly limited to the following:

(1) members are limited to payment of coach class air fare to and from one committee meeting per month;

(2) no committee meeting shall last longer than two days; no more than one committee meeting may be held per month; all such meetings shall be held in Los Angeles, California, or Reno, Nevada;

(3) per diem expenses for committee members for travel to and from committee meetings and for their period of attendance at such meetings, shall be limited to an amount not to exceed the maximum paid allowances prescribed by the Administrator of General Services pursuant to Section 5702(c) of Title 5 for official travel in the area of attendance by employees of the federal government. In that Los Angeles, California, and Reno, Nevada, have been designated high rate geographical areas by the Administrator of General Services, the committee members shall be allowed a daily subsistence in the amount designated by the Administrator of General Services for such area pursuant to Section 5702(c) for official travel in such areas by employees of the federal government.

(4) members are limited to one conference call per month, for the committee to confer via telephone. No such conference call shall last longer than one hour.

No expenditures are authorized to be made by the committee or its members except as expressly set forth hereinabove.

MISCELLANEOUS

One copy of all documents filed with the Court shall be served upon the chairperson of the advisory committee, as soon as such chairperson is elected.

Neither the committee nor any of its members shall have any authority or responsibility that is not specifically and expressly enumerated in this order.

IT IS SO ORDERED.